# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RICKEY HAWKINS, | DOCKET NUMBER |
| Appellant, | AT-0752-22-0392-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: April 4, 2024 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[*]

Rickey Hawkins, Madison, Alabama, pro se.

Erika McPherson, Redstone Arsenal, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal concerning his removal for medical inability as untimely filed by 9 days without good cause shown. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[**] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was removed from Federal service for medical inability to perform, effective April 9, 2022. Initial Appeal File (IAF), Tab 1 at 8-10. On May 18, 2022, he filed an initial appeal by facsimile (fax). *Id.* at 1. The agency requested that the administrative judge dismiss the appeal as untimely because it was not filed within 30 days of the effective date of the removal, i.e., no later than May 9, 2022. IAF, Tab 7 at 7. The administrative judge issued a timeliness order, which notified the appellant that his appeal appeared to be untimely filed by 9 days. IAF, Tab 8 at 2. In the order, the administrative judge instructed the appellant how to establish good cause for an untimely filing and instructed him to file evidence and argument in support thereof. *Id.* at 2-4. The appellant filed two responses to the timeliness order. IAF, Tabs 9-10. In relevant part, the appellant asserted, without support, that he filed his "application" with the Board on May 5, 2022. IAF, Tab 10 at 2. He asserted that he attempted to send documents to the regional office, which he later learned were "cut off in the fax." IAF, Tab 9 at 3. The appellant also generally referenced his medical conditions; however, he did not specifically explain how his medical conditions affected his ability to timely file an appeal. IAF, Tab 10 at 2. Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed by 9 days without good cause shown. IAF, Tab 13, Initial Decision at 1-6.

The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3, 7. On review, the appellant asserts that his initial appeal was timely filed on May 6, 2022. PFR File, Tab 1 at 2, 4-6. He has attached a "fax delivery report" showing a fax transmission to the regional office on that date. *Id.* at 2, 4. The "status" column on the fax delivery report indicates that the transmission was

delivered. *Id.* He has also filed documents related to his medical condition. *Id.* at 7-9.

### DISCUSSION OF ARGUMENTS ON REVIEW

Generally, a Board appeal must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). Fax transmissions are considered filed on the date of the facsimile. 5 C.F.R. § 1201.4(*l*). The date of the appellant's initial appeal is May 18, 2022, 9 days after the filing deadline. IAF, Tab 1 at 1.

The Board will dismiss an appeal that is untimely filed unless the appellant shows good cause for the delay. 5 C.F.R. §§ 1201.22(c), 1201.56(b)(2)(i)(B). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Under the circumstances of this case, we find that the appellant's lateness should be excused. The appellant, who is proceeding pro se, has asserted that he attempted to file his initial appeal by fax on May 6, 2022, 3 days before the filing deadline expired, which seems to be corroborated by the fax transmission sheet bearing that date. PFR File, Tab 1 at 2, 4. The appellant has asserted that he reasonably believed that the regional office received the fax because the

transmission report noted a successful delivery. *Id.* He asserts that he did not learn until some later time that his fax transmissions to the regional office were "cut off." IAF, Tab 9 at 3. Under similar circumstances, the Board has found that good cause exists when an appellant reasonably believed that he filed his appeal in a timely way. *See Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 6-8 (2010) (excusing a filing delay when the appellant alleged that he attempted to electronically file his petition for review on time and the e-appeal system showed that the appellant had, in fact, accessed the system prior to the date that his petition was due; it was possible to exit the system without receiving a clear warning that he had not yet filed his pleading; and once he became aware that his petition had not been filed, the appellant submitted a petition for review that included an explanation of his untimeliness); *Lamb v. Office of Personnel Management*, 110 M.S.P.R. 415, ¶ 9 (2009) (excusing the untimely filing of an initial appeal when the appellant reasonably believed he filed timely by completing all questions on the online appeal form and exited the website without receiving a clear warning that his appeal was not filed). The agency has not shown that it would be prejudiced by the filing delay.

For these reasons, we find good cause to waive the filing deadline and we vacate the initial decision dismissing the appeal as untimely filed without good cause. We note that the appellant's filings indicate that he may not be challenging the merits of his removal for medical inability and, instead, he may be seeking to address his alleged entitlement to severance pay. IAF, Tab 1 at 6; PFR File, Tab 7 at 3. An agency's denial of severance pay is not within the Board's jurisdiction. *See Ward v. U.S. Consumer Product Safety Commission*, 8 M.S.P.R. 603, 603-04 (1981). On remand, the administrative judge shall clarify the scope of the issues and, if appropriate, he shall issue a jurisdictional order explaining the methods by which the appellant may establish jurisdiction over the issues in this appeal.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.